IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KIRSTON JERMAINE DOWDELL, AIS 318159, | )<br>)<br>) |
| Petitioner, | )<br>) |
| v. | ) CASE NO. 2:20-CV-475-RAH-CSC<br>) |
| WARDEN KAREN WILLIAMS, et al.,[1] | )<br>) |
| Respondents. | )<br>) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

**I.   INTRODUCTION**

This civil action is before the Court on Petitioner Kirston Jermaine Dowdell's pro se application for habeas corpus relief under 28 U.S.C. § 2241.[2] Doc. 1. Dowdell, an Alabama state prisoner, is incarcerated at the Ventress Correctional Facility on his

---

[1] The Warden of the Ventress Correctional Facility is the proper custodian and a proper respondent in this action. *See Rumsfeld v. Padilla*, 542 U.S. 426, 446-47 (2004) (explaining that a § 2241 habeas petitioner who seeks to challenge his present physical custody should name his warden as respondent and file the petition in the district of confinement). *See also Dunne v. Henman*, 875 F.2d 244, 249 (9th Cir.1989) (challenge to execution of sentence by U.S. Attorney General must name warden of the state penitentiary where prisoner is confined as respondent and file in district court whose territorial limits include his place of confinement).

[2] Although Dowdell submitted this action on a form used by inmates for filing complaints under 42.U.S.C. § 1983, the focus of Dowdell's allegations involved his transfer to federal custody to begin service of his federal sentence on convictions arising out of the same conduct as his state court convictions or a designation of federal service at the state facility to receive credit on his federal sentence. Doc. 1 at 3. Because Dowdell's challenge involved the calculation or execution of his federal sentence by the Bureau of Prisons (BOP) and did so in the proper district where he was imprisoned when he filed the petition, the petition was considered filed under 28 U.S.C. § 2241. *United States v. Wilson*, 503 U.S. 329, 331–32 (1992) (observing that the Attorney General is responsible for computing federal sentences for all offenses committed after November 1, 1987); 28 C.F.R. § 0.96 (1992) (provides that the Attorney General has delegated authority for computing federal sentences to the Director of the Bureau of Prisons); *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1351–52 (11th Cir. 2008).

convictions for production and possession of obscene matter of a person under age 17.[3] Respondent has filed an Answer (Doc. 20) to the Petition, to which Dowdell filed a response Doc. 23. For the reasons below, the Magistrate Judge recommends that the Petition be DISMISSED as moot.

## II. BACKGROUND

Public records from the Alabama Trial Court System[4] reflect that on October 18, 2016, Dowdell was arrested and charged in the District Court for Lee County, Alabama, on charges of aggravated criminal surveillance and production and possession of obscene matter of a person under age 17. *See State v. Dowdell,* DC-2016-00193000, DC-2016-00193001, DC-2016-00193002 (Dist. Ct. of Lee Cty., Ala.). On April 12, 2017, Dowdell was indicted by a Lee County grand jury on these charges. *See State v. Dowdell*, CC-17-331 (Circuit Ct. of Lee Cty., Ala.). On February 25, 2019, Dowdell entered a guilty plea to these offenses and the trial court sentenced Dowdell to 15 years imprisonment on his conviction for production of obscene matter of a person under age 17 and a 5-year term of imprisonment on his conviction for possession of obscene matter of a person under age 17.[5] *See id*; Doc. 20-1 at 2. Dowdell received prior custody credit from October 16, 2016—the date of his arrest—through February 24, 2019, the day before his state sentence began.

---

[3] *See* http://doc.state.al.us/inmateInfo (last visited May 19, 2023).
[4] Hosted at www.alacourt.com (last visited May 17, 2023). *See Keith v. DeKalb Cnty. Georgia*, 749 F.3d 1034, 1041 n.18 (11th Cir. 2014) (noting that "[w]e take judicial notice of [the state's] Online Judicial System.") (*citing* Fed. R. Evid. 201).
[5] The trial court sentenced Dowdell to time served on his conviction for aggravated criminal surveillance. *See Dowdell*, CC-17-331.

*Id.* The trial court also ordered that Dowdell receive credit on his state court convictions for time served on his federal sentence. *See id.*; *see also* Doc. 1 at 5–6.

Prior to entry of his guilty plea in state court, Dowdell entered a guilty plea on January 5, 2018, in this Court on two counts of a 28-count indictment on related federal offenses which charged him with production of child pornography in violation of 28 U.S.C. § 2251(a) and possession of child pornography in violation of 28 U.S.C. § 2252A(a)(5)(B). *See U.S. v. Dowdell,* Case No. 3:16-cr-554-WKW (M.D. Ala. 2018). Although Dowdell had been indicted on the related state charges when this Court sentenced him in October 2018, he was still facing prosecution on the state charges at that time. When Dowdell's 200-month concurrent prison term on his federal convictions was imposed, the court's judgment did not state whether the federal sentence was to run concurrently with, or consecutively to, at the time, any anticipated state sentence and the sentencing record is silent on the matter. *See* Case No. 3:16-cr-554-WKW (Doc. 72).

Respondent's Answer includes relevant evidentiary material (e.g., a declaration and institutional records). In this Answer, the government maintains that Dowdell's Petition is due to be dismissed because since filing this action his federal sentence is running concurrent to his state sentence. Docs. 20-1 at 3. Respondent therefore argues Dowdell's claims are moot because he received the relief he sought in filing this petition. Doc. 20 at 5–7. The Court entered an Order granting Dowdell an opportunity to respond to Respondent's response (Doc. 22) and he did so (Doc. 23).

## III.   DISCUSSION

### A.   Jurisdiction & Venue

The law is settled that a 28 U.S.C. § 2241 petition for writ of habeas corpus is the proper vehicle for a prisoner to challenge the manner, location, or execution of his sentence. *See Lopez v. Davis*, 531 U.S. 230, 236 (2001); *Williams v. Pearson*, 197 F. App'x 872, 877 (11th Cir. 2006). Jurisdiction is determined at the time the action is filed. *United States v. Edwards*, 27 F.3d 564 (4th Cir. 1994). Dowdell complains of being subject to "double time" because his federal sentence should run concurrently with the state sentence he is serving. Dowdell requests transfer to federal custody to begin his federal sentence or that the federal sentence be "abolished" so that he only serves his state sentence. Because Dowdell challenges the calculation or execution of his federal sentence, this Court has jurisdiction over his 28 U.S.C. § 2241 claims. Further, because Dowdell was incarcerated in this district when he filed this action, venue is proper. *Fernandez v. United States*, 941 F.2d 1488, 1495 (11th Cir. 1991) (holding that, generally, a 28 U.S.C. § 2241 petition for habeas corpus relief "may be brought only in the district court . . . in which the inmate is incarcerated.").

### B.   Mootness

To obtain relief in this habeas action, Dowdell must demonstrate he "is [currently] in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Under Article III, § 2 of the United States Constitution, federal courts are barred from hearing matters, including habeas petitions, in the absence of a live case or controversy. *See e.g., Spencer v. Kemna,* 523 U.S. 1, 7 (1998); *Deakins v. Monaghan,* 484

U.S. 193, 199 (1988). For a live case or controversy to exist at all time in the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Cont'l Bank Corp.,* 494 U.S. 472, 477 (1990); *see also North Carolina v. Rice,* 404 U.S. 244, 246 (1971) (*per curiam* ) (observing that "federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them").

"[A] case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Soliman v. U.S. ex rel. INS,* 296 F.3d 1237, 1242 (11th Cir. 2002) (internal quotation marks and citation omitted). "When effective relief cannot be granted because of later events, the [case] must be dismissed as moot." *Westmoreland v. Nat'l Transp. Safety Bd.,* 833 F.2d 1461, 1462 (11th Cir. 1987); *Am. Rivers v. Nat'l Marine Fisheries Servs.,* 126 F.3d 1118, 1123 (9th Cir. 1997) (holding that "[i]f an event occurs that prevents the court from granting effective relief, the claim is moot and must be dismissed."). "It has long been settled that a federal court has no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Church of Scientology of California v. United States,* 506 U.S. 9, 12 (1992) (internal quotation marks and citation omitted); *Preiser v. Newkirk,* 422 U.S. 395, 401 (1975) (explaining that a federal court no longer has jurisdiction over a case that has become moot). In the specific context of habeas petitions, the case or controversy requirement warrants a finding of mootness if (1) the petitioner receives the relief requested or (2) the court is unable to provide the petitioner with the relief sought. *See Munoz v. Rowland,* 104 F.3d 1096, 1097–98 (9th Cir. 1997).

Respondent attached the Declaration of Edith Rohmer, Management Analyst, Designations and Sentence Computation Center, Federal Bureau of Prisons. Doc. 20-1. In the declaration, Rohmer states that Dowdell's federal sentence has been computed in accordance with federal statute and BOP policy. *Id*. at 1. Specifically,

> 8.      In accordance with Program Statement 5880.28, Sentence Computation Manual (CCCA-1984), and 18 U.S.C. §3585(a); and as a result of this petition, the Bureau has prepared a sentence computation for Petitioner based on a 200 month term of imprisonment commencing on October 11, 2018 (the date of imposition). He received 723 days prior custody credit from October 18, 2016 (date of federal indictment)[6] through October 10, 2018 (day before federal sentence imposed). Petitioner's projected Good Conduct Time (GCT) release date is December 31, 2030. (Attachment 2 - Public Information, Sentry)
>
> 9.      When this petition was assigned to me, I reviewed the circumstances and documentation regarding Petitioner's allegation. I then sought the position of the federal sentencing court as it pertained to Petitioner's federal sentence operating concurrent to Petitioner's state term.
>
> 10.     18 U.S.C. § 3621(b) provides the authority for designating a state institution as the place to serve a federal term of imprisonment. When a federal sentence is ordered to run concurrent to an already running state sentence, the Bureau may designate the state facility as the place for the inmate to serve his federal sentence to start the sentence to run. However, the Bureau will not allow a concurrent designation if the sentencing court indicates opposition to such.
>
> 11.     Upon notice that the federal sentencing court was not in opposition, the Bureau calculated Petitioner's federal sentence concurrent to the state sentence he is serving, which allowed Petitioner's federal sentence to begin running on the date of imposition (a nunc pro tunc designation).
>
> 12.     Further, Bureau policy (PS 5160.05 Designation of State Institution for Service of Federal Sentence) provides that if a nunc pro tunc designation

---

[6] According to the records submitted in support of Respondent's Answer, October 18, 2016, is the date Dowdell was arrested and detained by state law enforcement officials. Doc. 20-1 at 2, 11. The federal indictment was filed on November 15, 2016 (*Dowdell*, 3:16-cv-554-WKW (Doc. 1)).

>    is granted, a thorough review of the jail credit provided must be conducted, including Willis/Kayfez[7] review.
>
>    13.    After a Willis/Kayfez review, Petitioner was credited with October 18, 2016 through October 10, 2018, as jail credit. (See [Doc. 20-1 at 9–11]).

*Id.* at 3–4.

Following the *Willis/Kayfez* review, Dowdell's projected Good Conduct Time (GCT) release date on his federal sentence is December 31, 2030. Doc. 20-1 at 9–11. The Alabama Department of Corrections shows Dowdell's earliest possible release date on his state sentence is October 18, 2031.[8] Dowdell will therefore complete service of his federal sentence while serving his state sentence in custody of the Alabama Department of Corrections and is not subject to serving "double time" nor is there any requirement that Dowdell be transferred to federal custody to achieve the objective sought in filing this action.

Here, Dowdell's objective in filing this case was to have his state and federal sentences run concurrently to avoid serving "double time." Since filing this action, Dowdell's federal sentence was reviewed and calculated following notice from the federal sentencing court that it was not in opposition to the BOP's nunc pro tunc designation (*see* Case No. 3:16-cr-554-WKW (Doc. 89), effectively making Dowdell's federal sentence run concurrent to his already running state sentence.

---

[7] *See Willis v. United States*, 438 F.2d 923 (5th Cir. 1971); *Kayfez v. Gasele*, 993 F.2d 1288. 1289–90 (7th Cir. 1993). Kayfez and Willis credits are exceptions to the general rule against awarding credit for presentence time served against one sentence if that time already has been credited against another sentence to ensure an inmate is not penalized for a nunc pro tunc designation. *See* BOP Program Statement 5880.28.
[8] *Available at* www.http://doc.state.al.us/InmateHistory (last visited May 19, 2023).

Based on the foregoing, the Court finds it cannot give Dowdell meaningful habeas relief on his claims. Because there is no longer a case or controversy to litigate, Dowdell's request for habeas relief is moot and this action is due to be dismissed. *See U.S. ex rel. Graham v. U.S. Parole Comm'n*, 732 F.2d 849, 850 (11th Cir. 1984) (finding challenge to parole regulations mooted by release as a favorable decision would not entitle petitioner to any additional relief).

## VI.   CONCLUSION

Accordingly, the undersigned Magistrate Judge **RECOMMENDS** the 28 U.S.C. § 2241 Petition for Habeas Corpus relief filed by Kirston Dowdell be **DISMISSED** with prejudice as moot.

The Clerk is **DIRECTED** to substitute Warden Karen Williams for Joseph Headley as a respondent.

Further, it is **ORDERED** that by **June 5, 2023**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive or general objections will not be considered by the Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon

8

grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH Cir. R. 3–1. *See Resol. Tr. Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 22nd day of May 2023.

/s/   Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE